IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EFRAIN SANTIAGO MATOS | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of | : | |
| Social Security | : | NO. 22-3459 |

**OPINION**

SCOTT W. REID  DATE: April 17, 2023
UNITED STATES MAGISTRATE JUDGE

Efrain Santiago Matos ("Santiago") brought this action under 42 U.S.C. §405 to obtain review of the decision of the Commissioner of Social Security partially denying his claim for Supplemental Security Income ("SSI"). He has filed a Request for Review to which the Commissioner has responded with a Motion to Dismiss for Failure to Exhaust Administrative Remedies ("Motion to Dismiss"). As explained below, I conclude that Santiago's Request for Review should be denied, and the Commissioner's Motion to Dismiss granted.

I.   *Factual and Procedural Background*

Santiago filed an application for SSI on January 9, 2017, alleging disability as of December 16, 2016. *Defendant's Brief in Support of her Motion to Dismiss Plaintiff's Complaint* ("Brief"), at ECF Doc. 14-1, ECF page 4/65. The state agency denied relief on May 4, 2017. *Id*. at ECF page 13/65. Santiago then requested a hearing *de novo* before an Administrative Law Judge ("ALJ"). *Id* at ECF page 19/65.

After a few mishaps, an ALJ held a hearing on March 12, 2020. *Id*. at ECF page 49/65. The ALJ issued a partially favorable decision finding Santiago disabled as of March 31, 2018, by bipolar disorder and other mental health impairments, mild lumbar degenerative disc disease, and several non-severe impairments. *Id*. at ECF Doc. 14-1, ECF pages 52/65, and 60/65. The ALJ awarded Santiago benefits from that date, but denied benefits before that date. *Id*. at ECF Doc. 14-1, ECF page 60/65. According to the Commissioner, there is no indication that Santiago requested Appeals Council review of the portion of his claim which was denied. *Brief*, at Declaration of Janay Podraza, Court Case Preparation and Review, ¶¶ 3(d), at ECF Doc. 14-1, ECF page 3/65.

Nevertheless, on August 25, 2022, Santiago filed a complaint in this Court, purportedly appealing his partial denial of benefits, but nominally seeking benefits from before March 31, 2018, on the basis of basis of cognitive issues caused by a head injury, colorectal surgery, a spinal injury requiring a pelvic bone graft, and an injury to the left arm requiring the implantation of a metal rod. Complaint at 3, ¶¶ 4-5. On September 15, 2022, Santiago moved for the undersigned to appoint counsel. ECF Doc. 7. On the same day, the undersigned granted Santiago's motion and ordered the Clerk of Court to place his case on the Social Security Panel website for selection by an attorney. ECF Doc. 9.

On November 30, 2022, the Commissioner responded to Santiago's Complaint by filing a motion to dismiss it on the basis that Santiago had not exhausted his administrative remedy by appealing the denied portion of his claim to the Appeals Council.

On January 17, 2023, Santiago filed a motion seeking an extension of time within which to file a response, and seeking information on a number of issues related to his case. Most significantly, Santiago's case had not been selected by a panel attorney, and he sought guidance

on his next steps.  The undersigned entered an Order on January 19, 2023, which, in relevant part, read:

> 1.  Because Plaintiff has not been successful in obtaining representation by a Panel Attorney, he must proceed *pro se* if he does not retain private counsel;
>
> 2.  Plaintiff may file a detailed response to the specific issues raised by the Commissioner in her November 30, 2022, Motion to Dismiss for [Failure to Exhaust Administrative Remedies] … on or before FEBRUARY 18, 2023.  This action will be dismissed if no response is filed, or if Plaintiff is unable to refute the Commissioner's allegations in that motion[.]

Order, docketed as ECF Doc. 16.

On February 3, 2023, Santiago wrote to the Clerk of Court seeking copies of various documents pertinent to his case.  ECF Doc. 17.  The undersigned ordered those documents mailed to Santiago without cost on February 23, 2023.  ECF Doc. 18.  On February 27, 2023, I entered a separate Order clarifying that Santiago was required to respond to Defendants' Motion to Dismiss for Failure to Exhaust Administrative Remedies on or before March 31, 2023.  ECF Doc. 19.[1]

Santiago has not responded to Defendants' Motion.  However, the Defendants' Motion to Dismiss will not be granted as unopposed, but on the basis of the facts set forth above, and below in the Discussion section of this Opinion.

---

[1] Additionally, on March 21, 2023, having received notice from the Social Security Panel that 180 days had lapsed without an attorney volunteering to accept Santiago's case, I ordered the case removed from the Social Security Panel.  ECF Doc. 20.

II.     *Relevant Law*

Under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3)[2], which provide the exclusive jurisdictional basis for judicial review of an Agency decision, an individual may obtain review of a denial of benefits in a timely civil action only after having obtained a "final decision of the Commissioner of Social Security."

As explained by the United States Supreme Court in *Smith v. Berryhill*:

> Modern-day claimants must generally proceed through a four-step process before they can obtain review from a federal court. First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. **Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council**.

139 S. Ct. 1765, 1772 (2019). (Emphasis supplied).

Further, a party who seeks Appeal Council review must file a request within 60 days of receiving the ALJ's ruling, in the absence of "good cause for missing the deadline." *Id*., citing 42 U.S.C. §416.1468.

III.    *Discussion*

As above, records provided by the Commissioner show that Santiago did not appeal the unfavorable part of the ALJ decision in his case to the Appeals Council. *Declaration of Janay Podraza*, *supra*, at ¶3(d)-3(e). He has not contradicted this assertion, or provided any evidence to the contrary. Further, it is not clear whether the impairments Santiago alleges here were ever raised before the Agency.

---

[2] 42 U.S.C. §1383(c)(3) pertains to Supplemental Security Income, and provides: "The final determination of the Commission of Social Security after a hearing under paragraph (1) shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

4

Clearly, Santiago has not exhausted his administrative remedies.  *See Smith v. Berryhill*, *supra*, at 139 S. Ct. 1772.  Accordingly, this Court has no jurisdiction to hear Santiago's case.  I will therefore grant the Commissioner's Motion to Dismiss in an Order of even date.

BY THE COURT:

*/s/ Scott W. Reid*

_____
SCOTT W. REID
UNITED STATES MAGISTRATE JUDGE